DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, Juvenile Division, which granted permanent custody of Kaylee T. to the Lucas County Children Services Board ("LCCS") and terminated the parental rights of appellant, Russell J. and of Victoria S.[1] For the reasons stated herein, this court affirms the judgment of the trial court.
 {¶ 2} Appellant, Russell J. is the biological father of Kaylee T. (born November 13, 1997). On April 19, 2002, LCCS filed a complaint in dependency and neglect and a motion for a shelter care hearing. Kaylee, at the time, was in the custody of her mother, Victoria S. The complaint alleged that Victoria's home was filthy and that she would lock Kaylee in her room for most of the day. In the complaint, appellant's whereabouts were described as "unknown but he is believed to be incarcerated." It was further noted that appellant had been the subject of two former LCCS investigations in January 2000 and March 2001, for sexually abusing Kaylee. On May 21, 2002, the juvenile court adjudicated Kaylee dependant and neglected and awarded temporary custody to LCCS.
 {¶ 3} On May 13, 2003, LCCS, filed a motion for permanent custody of Kaylee. LCCS claimed that appellant had been recently incarcerated for felonious assault and that he had no relationship with his daughter. As for Victoria S., she had failed to complete any of her case plan services.
 {¶ 4} A hearing on the motion for permanent custody was held on September 16, 2003. Caseworker Tamara Mitchell testified that in August 2003, appellant called her and told her he was out of jail. Mitchell took his address so he could be notified of any future court hearings regarding Kaylee. Mitchell testified that appellant had no contact with Kaylee while he was incarcerated due to a court ordered "no contact order" between him and his daughter. The order resulted from allegations made to LCCS that appellant had sexually abused Kaylee. Mitchell testified that Kaylee was in need of a stable home. Mitchell testified that in her opinion, appellant could not provide Kaylee a stable home given the fact that he had just gotten out of jail and had failed to complete the case plan services required of him. Another concern of Mitchell's was the fact that Kaylee claimed he sexually abused her. The agency could identify no suitable relatives with which to place Kaylee. The agency had, however, identified a prospective adoptive home should the court grant the permanent custody motion. On cross-examination, Mitchell acknowledged that appellant had requested visitation with Kaylee since he got out of prison, he had attended some LCCS meetings regarding Kaylee's custody, and that he was concerned about the well being of his daughter.
 {¶ 5} Caseworker Linda Baker testified that appellant had contacted her while he was in prison and told her he wanted a relationship with Kaylee. When Baker reminded him of the no contact order, appellant vehemently denied sexually abusing Kaylee. Baker testified that Kaylee told her that appellant had sexually abused her. Baker further testified that the sexual abuse allegations were investigated but that she did not know if appellant was ever charged. Because appellant was in prison, the only case plan requirement for him was that he show an active interest in his daughter. Baker testified that appellant did show an active interest in his daughter.
 {¶ 6} According to the Guardian Ad Litem's report, appellant went to prison for three years for felonious assault after stabbing Joseph S., Victoria's husband and Kaylee's stepfather. Appellant was returned to prison when he violated probation as the result of a drug charge.
 {¶ 7} The magistrate granted LCCS's motion for permanent custody of Kaylee. Appellant now appeals setting forth the following assignment of error:
 {¶ 8} "The trial court erred when it found by clear and convincing evidence that permanent custody of the child should be awarded to Lucas County Children Services Bureau pursuant to O.R.C. 2151.414."
 {¶ 9} As a trial court is in the best position to weigh witness credibility and to evaluate a child's needs, the standard for reviewing a trial court's grant of permanent custody is abuse of discretion. In re Whitson, 140 Ohio App.3d 409. Accordingly, a trial court's judgment will not be disturbed unless it is deemed to be unreasonable, arbitrary or capricious. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 10} R.C. 2151.414 provides that a parent's rights may not be terminated unless the court finds evidence that 1) the child, "* * * cannot be placed with one of the child's parents within a reasonable time or should not be placed with either parent," R.C.2151.414(B)(2), and 2) that a grant of permanent custody of a child to a children's service agency is in the child's best interests. R.C. 2151.414(B)(1).
 {¶ 11} The statute sets forth a list of 16 predicate findings, one of which must be established prior to a judicial conclusion that a child cannot or should not be placed with the child's parent. R.C. 2151.414(E).
 {¶ 12} In this matter, the trial court found that R.C.2151.414(E)(16) applied. It states in pertinent part:
 {¶ 13} "If the court determines, by clear and convincing evidence, at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section2151.353 [2151.35.3] of the Revised Code that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:
 {¶ 14} "* * *
 {¶ 15} "(16) Any other factor the court considers relevant."
 {¶ 16} The magistrate's decision read in pertinent part:
 {¶ 17} "The court finds as to Father, [appellant], that pursuant to O.R.C. 2151.414(E)(16) that the following relevant factors apply to the father: up until a few weeks before the permanent custody hearing today, [appellant] has been incarcerated for a felonious assault violation. In addition, a no contact order remains in effect between this child and [appellant] based on LCCS investigations that substantiated sexual abuse by [appellant]."
 {¶ 18} Appellant contends that the magistrate failed to consider that at the time of the permanent custody hearing, appellant was out of jail and ready to take custody of the child. Appellant also contends that the magistrate erred in relying on the unproven allegations of sexual abuse. This court has held that in order for an appellate court to review an (E)(16) finding, it must know what "other factor" the court feels can be a substitute for one of the (E)(1)-(15) findings. In re AlyssaNicole C., 153 Ohio App.3d 10, 2003-Ohio-2673.
 {¶ 19} In this case, the magistrate clearly set out the "other factors" she felt could substitute for one of the (E)(1)-(15) findings. We have thoroughly reviewed the record before us. In determining the best interest of Kaylee, we cannot say that the court abused its discretion in considering appellant's recent incarceration for a violent offense involving Kaylee's stepfather, appellant's subsequent incarceration for a drug related probation violation, and previous allegations of sexual abuse that were serious enough to warrant an agency investigation and a "no contact order." Appellant's sole assignment of error is found not well taken.
 {¶ 20} On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Lucas County Common Pleas Court, Juvenile Division, is affirmed. Costs are assessed to appellant.
Judgment affirmed.
Richard W. Knepper and Judith Ann Lanzinger, JJ., concur.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Richard W. Knepper, J., Judith Ann Lanzinger, J., ArleneSinger, J., Concur.
[1] Victoria S. did not appeal the order terminating her parental rights.