DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, Juvenile Division, terminating parental rights in five children and granting permanent custody to a children's services agency. Because we conclude that the trial court's determination was proper, we affirm.
 {¶ 2} Appellants are Theresa and Jose M., parents of Rudy M., 13; Jose-fina M., 12; Raul M., 10; Ishmael, 9; Delfino L.M., 7; and Zechariah M., 2. Appellants are together the parents of 6 other children not at issue in this matter. Appellee is the Lucas County Children Services Board.
 {¶ 3} Appellee first sought temporary custody of the four oldest of these children because of violence between appellants in the presence of the children. In June 2001, Jose grabbed Theresa by the hair and pulled her into a car when Therese attempted to run from him. This incident was observed by several of the children. Although police were called, no charges were filed due to Theresa's uncooperativeness.
 {¶ 4} On December 30, 2001, Jose again attacked Theresa in the presence of several children. The violence frightened the children so badly that they locked themselves in a room and called police. Again, no charges were filed, but the report served as the basis for the revocation of Jose's parole. No contact with Theresa was a condition of Jose's parole from a 1998 burglary conviction, stemming from an incident in which he broke into Theresa's parents' home, threatening her mother and striking her father.
 {¶ 5} Following the December 2001 incident, appellee filed a dependency and neglect complaint, seeking temporary and/or legal custody of Rudy, Jose-fina, Raul and Ishmael.
 {¶ 6} On April 16, 2004, a magistrate found these children dependent and awarded temporary custody to appellee with placement to their paternal grandmother. The trial court adopted the magistrate's decision and approved a March 18, 2002 case plan which directed that both parties participate in domestic violence counseling and that appellant Jose further be the subject of a drug/alcohol assessment and follow the recommendations resulting from that assessment.
 {¶ 7} In November 2002, appellee filed a second dependency complaint for Delfino L. and Zechariah. A consent to a dependency finding was later entered. This case was eventually amended with a direct petition for permanent custody of the two youngest children, while a comparable motion was submitted in the case for the older children. These cases were eventually tried together in a single dispositional hearing on appellee's permanent custody request.
 {¶ 8} At trial, appellee requested the court to take notice of the adjudicatory findings concerning appellant Jose's violence and his brutality in the household. Appellee also presented testimony that, notwithstanding the agency's offer of domestic violence and substance abuse assessment and counseling, appellant Jose M's utilization of these services was, at best, perfunctory. He was twice assessed for domestic violence and referred to offenders group, only to be dismissed when he refused to admit he participated in violence in the home. He failed to appear for two substance abuse assessments and refused to release to appellee information on his parole compliance.
 {¶ 9} By contrast, appellant Theresa M. participated in domestic violence counseling and parenting classes. Indeed, her mother testified that while appellant Jose M. was incarcerated, appellant Theresa M. was a near model mother. When Jose was out, however, Theresa seemed irresistibly drawn to him. In spite of her domestic violence counseling to avoid Jose, in spite of no contact orders from the court, in spite of no contact orders between the two being a condition of Jose's parole, the two had repeated contact between themselves and the children. Several witnesses described the effect of appellants together as "chaotic" and harmful to the children. On more than one occasion, the result was violent. This condition continued through the final dispositional hearing. In the end, the trial court concluded that the parties had failed to remedy the conditions which caused the children to be removed from the home and were unwilling to provide an adequate home for the children. According to the court:
 {¶ 10} "Despite the offering of case plan services, and the participation in same, more so on the mother's part that the father's perhaps, the Court sees little or no change in the values, outlook, or concern for the children that would lead to consistency, stability, permanency, predictability, and nurture for the children, and the Court believes that if either of the parents had to make a choice between what the parent wants and what is best for the children, they would choose for themselves rather than for the children, unless it were not inconvenient to do what was best for the children."
 {¶ 11} On these findings, the trial court terminated appellants' parental rights and awarded permanent custody of these six children to appellee. From this judgment, appellants appeal.
 {¶ 12} Appellant Jose M. sets forth the following three assignments of error:
 {¶ 13} "1. The trial court abused its discretion in finding that domestic violence should be an LCCS case plan requirement for appellant Jose [M] Sr.'s reunification with his children because it was not established said children actually witnessed any domestic violence activity in which said appellant was involved.
 {¶ 14} "2. The trial court abused its discretion in finding that domestic violence should be an LCCS case plan requirement for appellant Jose [M] Sr.'s reunification with his children because it was established on the record that the basis for such case plan requirement, appellant Jose [M]'s continued contact with appellant Theresa [M], has been alleviated.
 {¶ 15} "3. The trial court abused its discretion in finding appellant Jose [M] Sr. failed to remedy the condition causing his children to be initially removed that appellants Jose [M] Sr. and Theresa [M] were having continuing contact providing opportunities for domestic violence activity."
 {¶ 16} Appellant Theresa M. posits a single assignment of error:
 {¶ 17} "The trial court erred when it found by clear and convincing evidence that permanent custody of the children should be awarded to Lucas County Children Services Bureau pursuant to O.R.C. 2151.414(E)(1) and (16) in JC02-099232 and pursuant to O.R.C. 2151.4145(E)(4)(14) and (16) in JC02-110695."
 {¶ 18} We approach any termination of parental rights case with a recognition that a parent's right to his or her child is a basic and essential civil right, In re Murray (1990), 52 Ohio St.3d 155, 157;Stanley v. Illinois (1972), 405 U.S. 645, 651, the termination of which has been termed, "* * * the family law equivalent to the death penalty in a criminal case." In re Hayes (1997), 79 Ohio St.3d 46, 48, quoting In reSmith (1991), 77 Ohio App.3d 1, 16. In a proceeding which determines a parent's rights, the parent is entitled to every procedural and substantive protection the law allows. Id.; In re C.W., 104 Ohio St.3d 163,167, 2004-Ohio-6411 at ¶ 23.
 {¶ 19} In Ohio, it has long been held that the parent of a child has a paramount right to custody of the child unless the parent has been deemed unfit to raise the child. Clark v. Bayer (1877), 32 Ohio St. 299, 310; Inre Murray (1990), supra; In re Stacey S. (1999), 136 Ohio App.3d 503,516. The first issue a court considering a request to terminate a parent's rights must address is the suitability of the parent. In rePerales (1977), 52 Ohio St.2d 89, syllabus.
 {¶ 20} The legislature has statutorily defined parental unfitness in R.C. 2151.414. The statute directs that a parent's rights may not be terminated unless the court determines by clear and convincing evidence that the child, "* * * cannot be placed with one of the child's parents within a reasonable time or should not be placed with either parent * * *," R.C. 2151.414(B)(2), and that awarding permanent custody of the child to a children services agency is in the child's best interests. R.C. 2151.414(B)(1). The statute enumerates a list of 16 predicate findings, one of which must be established antecedent to a finding that the child cannot or should not be reunited with the child's parents. R.C. 2151.414(E); In re William S. (1996), 75 Ohio St.3d 95, syllabus.
 {¶ 21} Clear and convincing evidence is that evidence sufficient for the trier of fact to form a firm conviction or belief that the essential statutory elements for a termination of parental rights have been established. In re Tashayla S., 6th Dist. App. No. L-03-1253, 2004-Ohio-896
at ¶ 14; Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 22} With respect to the four older children for whom appellants' parental rights were terminated on motion, the court found that R.C. 2151.414(E)(1) and (16) had been proven, as well as R.C. 2151.414(B)(1)(d). For the younger two children on direct petition for permanent custody, the court found that R.C. 2151.414(E)(4), (14), and (16) had been established.
 {¶ 23} We initially discount the court's finding with respect to R.C. 2151.414(E)(16). This is the "catchall" portion of section (E) which permits a finding that the child cannot or should not be reunited with their parents for "any other factor." We have repeatedly held that for a finding under this provision to pass scrutiny, the trial court must, "* * * explain with specificity what the other factor the court deems comparable to one of those enumerated in sections (E)(1) through (15) of R.C. 2151.414." In re Tashayla S., supra, at ¶ 24; In re Alyssa Nicole,153 Ohio App.3d 10, 17, 2003-Ohio-2673, at ¶ 31; In re Kaylee,
6th Dist. App. No. L-03-1320, 2004-Ohio-2227, at ¶ 18; In re Crystal C.,
6th Dist. App. No. L-01-1336, 2002-Ohio-855. No such discussion appears in either of the judgments at issue here.
 {¶ 24} As for R.C. 2151.414(B)(1), as appellee argues, this recently added provision to the statute appears to circumvent the question of parental fitness entirely and to permit termination of parental rights for a child in the temporary custody of a children services agency for 12 or more months out of a consecutive 22 months on a best interests finding only. Since temporary custody is largely a matter of the recommendations and requests of the children services agency itself, this provision appears to circumvent any judicial determination of parental fitness. This might raise substantial due process questions were this deemed the sole reason for a termination of parental rights. See Quilloin v. Walcott
(1977), 434 U.S. 246, 255; Smith v. Organization of Foster Families
(1977), 431 U.S. 816, 862-863. In this matter, however, we need reach this issue only if the R.C. 2151.414(E) findings are unsubstantiated.
 {¶ 25} In his first two assignments of error, Jose M. complains that the trial court improperly found that he had participated in domestic violence in the presence of the children and that domestic violence counseling should have been required for him.
 {¶ 26} The parents' domestic violence was a finding in the adjudicatory hearing and could have been challenged at that point. In reMurray, supra, at syllabus. Absent a contemporaneous objection to or an appeal of the adjudicatory findings, appellant's objection to them is misplaced. Accordingly, appellant's first and second assignments of error are not well-taken.
 {¶ 27} In his third assignment of error, appellant essentially argues that the court's finding that he failed to remedy the condition that caused the children to be removed from the home is unsupported by the evidence. This assignment of error coincides with the first part of appellant Theresa M.'s assigned error relating to R.C. 2151.414(E)(1). Appellant Theresa M. also challenges the R.C. 2151.414(E)(4) and (14) findings applicable to the youngest two children.
 {¶ 28} R.C. 2151.414(E) directs a court to find that a child cannot or should not be reunited with his or her parents if it finds, inter alia:
 {¶ 29} "(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.
 {¶ 30} "* * *
 {¶ 31} "(4) The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child;
 {¶ 32} "* * *
 {¶ 33} "(14) The parent for any reason is unwilling to provide food, clothing, shelter, and other basic necessities for the child or to prevent the child from suffering physical, emotional, or sexual abuse or physical, emotional, or mental neglect."
 {¶ 34} These children were removed from the home because of appellant Jose M.'s repeated resort to violence in the home and elsewhere, frequently in the presence of the children. Jose throughout this case and to this day minimizes or denies his violent tendencies. He has failed to substantially avail himself of any of the programs appellee has arranged for him and he has repeatedly and consistently violated the conditions of his parole and the orders of the court to avoid unsupervised contact with his children and with appellant Theresa M. Thus, despite appellee's best efforts, appellant Jose M. has utterly failed to remedy the conditions which caused these children to be placed out of the home. The resultant condition may reasonably be found to be an unwillingness on his part to prevent the children from suffering physical, emotion, or mental neglect. Accordingly, appellant Jose M.'s third assignment of error is not well-taken.
 {¶ 35} Appellant Theresa M. is in a somewhat different position. She attended domestic violence counseling. She completed parenting classes. She generally cooperated with appellee. In spite of this, however, there was evidence showing that she continued to enable Jose M. to have access to the children and to herself. She simply seems to be unwilling to protect herself and the children from Jose. Indeed, there was evidence that she actively aided him in the evasion of his own parole conditions and the court's order. The result was what several witnesses characterized as the creation of a "chaotic" atmosphere. This is why the children were taken from the home and it is an atmosphere of physical, emotional or mental neglect that appellant Theresa M. has been unwilling to prevent. Accordingly, appellant Theresa M.'s single assignment of error is not well-taken.
 {¶ 36} On consideration whereof, the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Costs to appellants pursuant to App. R. 24.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J., Singer, P.J., concur.