{¶ 50} My concurrence is tempered with concern that the trial judge primarily granted permanent custody to appellee under R.C. 2151.414 (B) (1) (d).[3] Only reluctantly and as "arguably not necessary" did the trial court find that Samantha could not be placed "with either parent within a reasonable period of time and should not be placed with any parent" pursuant to R.C. section 2151.414 (E), basing the determination on findings under section (E) (1). Earlier in its decision, the trial court determined that appellant had her parental rights terminated as to three other children in the state of Michigan. This finding was made as a relevant factor under R.C. 2151.414 (D) in determining the best interest of the child.
 {¶ 51} Thus the trial court, only at the urging of appellant, avoided a decision based entirely on the provisions of R.C. 2151.414(B)(1)(d). I have noted my concern that termination of parental rights and placement of permanent custody in a children's services agency based solely on this section may violate the due process of parents by failing to make a determination of parental unfitness before determining the best interest of the child. In re Delfino M., 6th Dist. No. L-04-1010, 2005 Ohio 320, at ¶ 24 and In re Alexis K., 160 Ohio App. 3d 32, 2005 Ohio 1380 at P ¶ 58 and 59, In re Amber M.L., 6th Dist. No. WM-05-003, 2005-Ohio-4172, ¶ 92.
 {¶ 52} I concur with the majority however, because the overwhelming facts found by the trial court were also consistent with a finding of parental unfitness pursuant to, at the least, section 2151.414 (E) (1).[4]
[3] The trial court's findings did not specify with particularity the relevant code sections pursuant to which the findings were made. I am including them in my discussion for clarity.
[4] While the trial court found that the appellant's parental rights as to other children was a factor under R.C. 2151.414 (D), it also is consistent with a finding under R.C. 2151.414 (E) (11).