IN RE C.W.; SUMMIT COUNTY CHILDREN SERVICES BOARD,
APPELLANT; WEINSHEIMER ET AL., APPELLEES.

[Cite as *In re C.W.*, 104 Ohio St.3d 163, 2004-Ohio-6411.]

(No. 2004–0847—Submitted October 12, 2004—Decided December 8, 2004.)

---

ALICE ROBIE RESNICK, J.

{¶ 1} On June 20, 2002, appellant, Summit County Children Services Board, filed a complaint seeking temporary custody of C.W. (born September 24, 1999, to appellees, Mark Worrell and Elizabeth Weinsheimer). That same day, the trial court issued an emergency order awarding temporary custody to appellant. After a hearing on June 21, 2002, the trial court ordered that C.W. remain in the temporary custody of appellant.

{¶ 2} The trial court held an adjudicatory hearing on July 17, 2002. At that hearing, the parties informed the court of their agreement that C.W. be adjudicated a dependent child and that the allegations of neglect be dismissed. On July 19, 2002, the trial court adjudicated C.W. a dependent child, dismissed the allegations of neglect, and ordered that C.W. remain in the temporary custody of appellant.

{¶ 3} On April 23, 2003, nine months after the dependency adjudication, appellant moved for permanent custody of C.W., alleging that permanent custody was in C.W.'s best interest, that C.W. had been in the temporary custody of appellant for 12 of the prior 22 months, and that C.W. could not be placed with his parents within a reasonable period of time.

{¶ 4} On October 14, 2003, the trial court granted appellant's motion for permanent custody and terminated appellees' parental rights. The trial court determined that C.W. had been in the temporary custody of appellant for 12 or more months of a consecutive 22–month period pursuant to R.C. 2151.414(B)(1)(d) and that permanent custody with a goal of adoption was in C.W.'s best interest. The trial court did not address the other ground for permanent custody alleged by appellant. Appellees separately appealed from the trial court's judgment to the Court of Appeals for Summit County. Upon motion by appellant, the court of appeals consolidated the appeals.

{¶ 5} The court of appeals reversed the trial court's order granting permanent custody to appellant and remanded the cause for further proceedings. Specifically, the court of appeals found that the trial court had erred in terminating appellees' parental rights, since the court had based its judgment on the erroneous conclusion that C.W. had been in the temporary custody of appellant for 12 or more months pursuant to R.C. 2151.414(B)(1)(d). The court of appeals noted the undisputed evidence that C.W. had not been in the temporary custody of appellant for 12 months prior to the filing of appellant's motion for permanent custody. Stating that a motion for permanent custody must allege grounds that currently exist, the court of appeals concluded that the trial court had erred in relying on the R.C. 2151.414(B)(1)(d) ground in granting permanent custody to appellant.

{¶ 6} The court of appeals found its judgment to be in conflict with the judgment of the Fourth District Court of Appeals in *In re Dyal* (Aug. 9, 2001),

4th Dist. No. 01CA12, 2001 WL 925423, on the following issue: "Where a children services agency files a permanent custody motion pursuant to R.C. 2151.414 and asserts grounds under R.C. 2151.414(B)(1)(d), must the child have been in the temporary custody of the children services agency for at least twelve months of a consecutive twenty-two month period ending on or after March 18, 1999, as counted pursuant to R.C. 2151.414(B)(1)(d), at the time of the filing of the motion for permanent custody or is it sufficient that the child be in the temporary custody of the children services agency for at least twelve months by the date the permanent custody trial commences?" The cause is now before this court upon our determination that a conflict exists.

{¶ 7} Statutes concerning the same subject matter must be construed in pari materia. *In re Hayes* (1997), 79 Ohio St.3d 46, 48, 679 N.E.2d 680. Therefore, in order to examine R.C. 2151.414(B)(1)(d), we must review both R.C. 2151.413 and R.C. 2151.414.

{¶ 8} R.C. 2151.413 sets forth guidelines for determining when a public children-services agency or private child-placing agency must or may file a motion for permanent custody. Most relevant to the issue before us is R.C. 2151.413(D)(1), which states, "[I]f a child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, the agency with custody shall file a motion requesting permanent custody of the child."

{¶ 9} R.C. 2151.414 sets forth the procedures a juvenile court must follow and the findings it must make before granting a motion filed pursuant to R.C. 2151.413. Upon an agency's filing of a motion for permanent custody, the court must conduct a hearing. R.C. 2151.414(A). According to R.C. 2151.414(B)(1), before a court can grant permanent custody to the moving agency, it must "determin[e] * * *, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:

{¶ 10} "(a) The child is not abandoned or orphaned or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.

{¶ 11} "(b) The child is abandoned.

{¶ 12} "(c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.

{¶ 13} "(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999.

{¶ 14} "For the purposes of division (B)(1) of this section, a child shall be considered to have entered the temporary custody of an agency on the earlier of the date the child is adjudicated pursuant to section 2151.28 of the Revised Code or the date that is sixty days after removal of the child from home."

{¶ 15} In interpreting the statutory provisions concerning the juvenile court, we must carry out the purposes set forth in R.C. 2151.01:

{¶ 16} "The sections in Chapter 2151. of the Revised Code * * * shall be liberally interpreted and construed so as to effectuate the following purposes:

{¶ 17} "(A) To provide for the care, protection, and mental and physical development of children subject to Chapter 2151. of the Revised Code, whenever possible, in a family environment, separating the child from the child's parents only when necessary for the child's welfare or in the interests of public safety;

{¶ 18} "(B) To provide judicial procedures through which Chapter 2151. and 2152. of the Revised Code are executed and enforced, and in which the parties are assured of a fair hearing, and their constitutional and other legal rights are recognized and enforced."

{¶ 19} Our inquiry centers around a determination whether a trial court may count the time between the filing of a motion for permanent custody and the time of the permanent-custody hearing to satisfy the requisite 12–month period of temporary custody set forth in R.C. 2151.414(B)(1)(d). Am.Sub.H.B. No. 484, 147 Ohio Laws, Part II, 4189, 4222, 4224 ("H.B. 484"), effective March 18, 1999, added the "12 of 22" provision found in R.C. 2151.413(D)(1) and R.C. 2151.414(B)(1)(d). The "12 of 22" provision significantly changed the permanent-custody statute. See *In re K.G.*, 9th Dist. Nos. 03CA0066, 03CA0067, and 03CA0068, 2004-Ohio-1421, 2004 WL 573887, ¶ 18.

{¶ 20} Prior to the H.B. 484 amendments, R.C. 2151.413 was a permissive statute, setting forth only situations in which an agency *could* file for permanent custody. See former R.C. 2151.413, Sub.H.B. No. 419, 146 Ohio Laws, Part III, 4660, 4679. After H.B. 484's amendments, an agency *must*, except in limited circumstances, file for permanent custody once a child has been in the agency's temporary custody for 12 or more months of a consecutive 22–month period. See R.C. 2151.413(D)(1).

{¶ 21} Also, prior to H.B. 484's amendments, when a child was not abandoned or orphaned, an agency seeking permanent custody was required to establish (1) that permanent custody was in the child's best interests and (2) that the child

could not be placed with either parent within a reasonable time or should not be placed with the parents. Former R.C. 2151.414(B), Sub.H.B. No. 274, 146 Ohio Laws, Part II, 3246, 3306. After H.B. 484's addition of the "12 of 22" provision to R.C. 2151.414, an agency need no longer prove that a child cannot be returned to the parents within a reasonable time or should not be returned to the parents, so long as the child has been in the temporary custody of an agency for at least 12 months.

{¶ 22} The "12 of 22" provisions set forth in R.C. 2151.413(D)(1) and R.C. 2151.414(B)(1)(d) balance the importance of reuniting a child with the child's parents against the importance of a speedy resolution of the custody of a child. See *In re K.G.*, 2004-Ohio-1421 at ¶ 19. Through the "12 of 22" provisions in the permanent-custody statues, the legislature provides parents with 12 months to work toward reunification before an agency can institute a permanent-custody action asserting R.C. 2151.414(B)(1)(d) grounds. Id. at ¶ 21; *In re Workman*, 4th Dist. No. 02CA574, 2003-Ohio-2220, 2003 WL 2012574, ¶ 40.

{¶ 23} Parents have a basic civil right to raise their children. *In re Hayes*, 79 Ohio St.3d at 48, 679 N.E.2d 680, citing *In re Murray* (1990), 52 Ohio St.3d 155, 157, 556 N.E.2d 1169. This court has noted that the "[p]ermanent termination of parental rights has been described as 'the family law equivalent of the death penalty in a criminal case.' " Id., quoting *In re Smith* (1991), 77 Ohio App.3d 1, 16, 601 N.E.2d 45. Consequently, parents " 'must be afforded every procedural and substantive protection the law allows.' " Id., quoting *In re Smith* at 16, 601 N.E.2d 45. Therefore, in light of the purpose of R.C. Chapter 2151 and a court's obligation to provide parents with procedural protections in permanent custody proceedings, an agency must afford parents the full 12–month period to work toward reunification before moving for permanent custody on R.C. 2151.414(B)(1)(d) grounds.

{¶ 24} Furthermore, Juv.R. 19 provides, "An application to the court for an order shall be by motion.* * * It shall state with particularity the grounds upon which it is made * * *." "[A] motion for permanent custody must allege grounds that currently exist." *In re K.G.*, 2004-Ohio-1421 at ¶ 13. A juvenile court lacks authority to grant an agency's motion on R.C. 2151.414(B)(1)(d) grounds if those grounds were not satisfied when the motion was filed.

{¶ 25} In the conflict case, *In re Dyal*, 4th Dist. No. 01CA12, 2001 WL 925423, the Fourth District Court of Appeals interpreted R.C. 2151.414(B)(1)(d) as allowing a trial court to grant permanent custody to an agency if the child had been in the temporary custody of an agency for at least 12 out of the prior 22 months by the date of the hearing on the motion for permanent custody (as opposed to the date that the motion was filed). This interpretation undermines the purposes of R.C. Chapter 2151 and interferes with the protection of parental

rights afforded by the legislature. The statute clearly provides parents with 12 months to demonstrate their ability and fitness to care for their child before an agency can move for permanent custody on R.C. 2151.414(B)(1)(d) grounds.

{¶ 26} Accordingly, we hold that before a public children-services agency or private child-placing agency can move for permanent custody of a child on R.C. 2151.414(B)(1)(d) grounds, the child must have been in the temporary custody of an agency for at least 12 months of a consecutive 22–month period. In other words, the time that passes between the filing of a motion for permanent custody and the permanent-custody hearing does not count toward the 12–month period set forth in R.C. 2151.414(B)(1)(d).

{¶ 27} Finally, we note that our holding does not preclude an agency from moving for permanent custody before a child has been in the agency's temporary custody for at least 12 months. If a ground other than R.C. 2151.414(B)(1)(d) exists to support a grant of permanent custody, the agency may move for permanent custody on that other ground.

{¶ 28} For all the foregoing reasons, we affirm the judgment of the Summit County Court of Appeals on the issue certified for our review.

Judgment affirmed.

MOYER, C.J., F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

---

Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Richard S. Kasay, Assistant Prosecuting Attorney, for appellant.

Kernan, Reed & Reed, L.P.A., and Joel D. Reed, for appellee Mark Worrell.