OPINION
{¶ 1} Robert Vann, the natural father of Mehkye and Mel-Chezeidek Vann appeals a judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, which terminated his parental rights in the children and awarded permanent custody to appellee Stark County Department of Job and Family Services. Appellant assigns three errors to the trial court:
 {¶ 2} "I. THE TRIAL COURT ABUSED ITS DISCRETION BY RULING THAT THE MINOR CHILDREN HAD BEEN IN THE CUSTODY OF SCDJFS FOR TWELVE OF TWENTY-TWO MONTHS.
 {¶ 3} "II. APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AMENDMENT AT THE HEARING TO DETERMINE PERMANENT CUSTODY OF HIS TWO MINOR CHILDREN.
 {¶ 4} "III. THE JUDGMENT OF THE TRIAL COURT THAT THE BEST INTERESTS OF THE MINOR CHILDREN WOULD BE SERVED BY THE GRANTING OF PERMANENT CUSTODY TO SCDJFS IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 5} The record indicates the two minor children are twins born on May 22, 2003. They weighed approximately two pounds each when they were born prematurely and they continue to have serious disabilities. At the time of the hearing, they were receiving occupational and physical therapy and required constant care. Because of their disabilities, the Department of Job and Family Services filed a complaint alleging the children were dependent and neglected on May 28, 2003, and the court awarded the agency temporary custody of the children on June 24, 2003.
 {¶ 6} Appellant has been incarcerated for most of this case, and has never visited with the children. The trial court found appellant had abandoned the children because he had failed to support or communicate with the children for a period in excess of ninety days. The trial court found the children have been in the temporary custody of the Department of Job and Family Services for twelve or more months out of a consecutive twenty-two month period, and should not be placed with either parent at this time or within a reasonable time. The court concluded it was in the best interest of the children to grant permanent custody to the Department of Job and Family Services.
 I. {¶ 7} In his first assignment of error, appellant urges the trial court abused its discretion in finding his children had been in the custody of the Department of Job and Family Services for twelve out of the past twenty-two months. Appellant's argument is two-pronged: he argues twenty-two months had not passed when the agency filed its motion for permanent custody, and also argues the Department of Job and Family Services failed to state with particularity the basis for its motion. At the hearing on the motion for permanent custody, appellant objected to the court considering R.C. 2151.414 (B)(1)(d), the twelve out of twenty-two consecutive months provision, but the court overruled the objection.
 {¶ 8} R.C. 2151.414 (B) states in pertinent part:
 {¶ 9} (B)(1) Except as provided in division (B)(2) of this section, the court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
 {¶ 10} (a) The child is not abandoned or orphaned or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.
 {¶ 11} (b)The child is abandoned.
 {¶ 12} (c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.
 {¶ 13} (d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999.
 {¶ 14} R.C. 2151.011 states a child is presumed abandoned when the parent of the child has failed to visit or maintain contact with the child for more than ninety days, regardless of whether the parent has resumed contact with the child after this period.
 {¶ 15} We have reviewed the motion for permanent custody, and find it cites R.C. 2151.414, and alleges the children are abandoned. It alleges appellant has complied with no case plan objectives and has not maintained contact with his children for a period in excess of ninety days. It does not allege the children had been in the custody of the agency for at least twelve of the prior consecutive twenty-two months.
 {¶ 16} We find the motion for permanent custody gave appellant notice the trial court could terminate his parental rights if it found he had abandoned them. The fact the trial court also found another independent basis for terminating the parties' parental rights, that is, the children had been in the temporary custody of the agency for at least twelve of the consecutive twenty-two month period, is irrelevant, since abandonment in and of itself is sufficient reason.
 {¶ 17} Appellant also argues the trial court could not find the children had been in the agency's custody for twelve months of a consecutive twenty-two month period because twenty-two months had not passed when the agency filed its motion. The court adjudicated the children dependent on June 24, 2003, and the agency filed its motion for permanent custody on October 19, 2004.
 {¶ 18} In the case of In re: C.W., 104 Ohio St. 3d 163, 2004-Ohio-6411,818 N.E.2d 1176, the supreme court found the statute is intended to give parents twelve full months to work on reunification before an agency can file for permanent custody. Parents have a basic civil right to raise their children, and must be afforded every procedural and substantive protection the law allows, Id., citations deleted. Thus, an agency can file for permanent custody any time after the child has been in the agency's continuous custody for at least twelve months, but may not file its motion until after at least twelve months have passed.
 {¶ 19} We find the agency was not required to wait until twenty-two months had passed before filing its motion for permanent custody.
 {¶ 20} The first assignment of error is overruled.
 II. {¶ 21} In his second assignment of error, appellant argues he was denied the effective assistance of counsel at the permanent custody hearing. Appellant alleges his counsel failed to have appellant's family members present at the custody hearing to testify the Department of Job and Family Services never contacted any of them regarding placement of the children. Appellant argues had his counsel subpoenaed his father or sister, the court could have ordered the Department of Job and Family Services to investigate them for possible placement of the children.
 {¶ 22} The U.S. Supreme Court has set forth the standard of review a court should apply in determining whether there was ineffective assistance of counsel. In Strickland v. Washington (1984), 466 U.S. 668,104 Sup. Ct. 2052, the court held in order to prevail on the claim of ineffective assistance of counsel, an appellant must demonstrate both that the attorney's performance was deficient, and that this deficient performance resulted in actual prejudice to the client. The Ohio Supreme Court has adopted the Strickland standard, and has held a party demonstrates prejudice when the errors on the part of counsel are so serious there exists a reasonable probability that, but for the errors, the outcome of the case would have been different, State v. Bradley
(1989), 42 Ohio St. 3d 136.
 {¶ 23} Appellant testified at the hearing on permanent custody. He stated he did not know if his relatives ever contacted the agency to express an interest in the children, but indicated his sister might be an appropriate placement for the children. Appellant also testified his father raised one of appellant's nephews, even though he had been in prison at one time.
 {¶ 24} The guardian ad litem also testified at the hearing. The guardian indicated although she had not been able to observe appellant interact with the children, she did speak to him on the phone while he was incarcerated. During the conversation, appellant indicated he did not think the children should return to their mother, but believed there were several appropriate relatives who could take custody of the children. The guardian ad litem advised him to discuss this with his attorney and forward the names of the relatives on to the agency. There is no indication anyone followed up in this matter.
 {¶ 25} In order to demonstrate prejudice, appellant must show if the agency had investigated the suitability of his father and/or sister, the court would have awarded custody to one of the relatives rather than the agency. In the case of In Re: Hiatt (1993), 86 Ohio App. 3d 716,621 N.E. 2d 1222, the Court of Appeals for the Fourth District held the language in the statute does not require an award of legal custody to a relative rather than to the agency. The Court of Appeals for Adams County found the language is precatory, not mandatory, and where a relative does not come forward prior to the dispositional hearing, a court has discretion to award custody to a non-family member, or to the agency. The court noted the agency should not be required to present proof it had investigated every possible relative placement before the court can award the agency permanent custody.
 {¶ 26} We find appellant has not demonstrated ineffective assistance of counsel.
 {¶ 27} The second assignment of error is overruled.
 III. {¶ 28} In his third assignment of error, appellant urges the trial court's judgment is against the manifest weight and sufficiency of the evidence. The gist of appellant's argument is the same as in II, supra, namely, the agency failed to present evidence it was in the best interest of the children to be placed with the agency rather than a relative. In light of our finding supra, we find the trial court did not err in finding the best interest of these children lay in granting permanent custody to the agency.
 {¶ 29} The third assignment of error is overruled.
 {¶ 30} For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, is affirmed.
Gwin, J., Boggins, P.J., and Edwards J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, is affirmed. Costs to appellant.