OPINION
{¶ 1} Melissa Goldsmith appeals from a judgment of the Montgomery County Court of Common Pleas awarding permanent custody of her four children to Montgomery County Children's Services (MCCS). Goldsmith contends that the judgment is not supported by the evidence. *Page 2 
 {¶ 2} We conclude that there is clear and convincing evidence in the record to support the judgment. The record reveals that the children had been in the custody of MCCS for more than twelve months preceding the filing of the complaint for permanent custody. There is also evidence to support a finding that the children could not be returned to Goldsmith within a reasonable time. Finally, the record demonstrates that the best interest of the children is served by granting permanent custody to the agency. Therefore, the judgment of the trial court is Affirmed.
 I {¶ 3} Melissa Goldsmith is the mother of four minor children, M.P., M.G., A.G. and A.G. In July of 2003, the children were placed in the custody of MCCS, because Goldsmith was homeless. MCCS filed a complaint alleging that the children were dependent due to the lack of shelter, and because of Goldsmith's lack of income and mental health issues. On February 23, 2004, the children were adjudicated dependent, and temporary custody was granted to the agency.
 {¶ 4} The trial court granted two extensions of temporary custody. Then, on April 29, 2005, MCCS filed a motion seeking permanent custody of the children. A hearing was held on March 29 and June 8, 2006. The maternal grandmother of the children filed a motion seeking legal custody on May 5, 2006.
 {¶ 5} Following the hearing, the magistrate entered a decision awarding custody to the agency. In doing so, the magistrate found that the children could not be placed with Goldsmith within a reasonable time, and that permanent custody with the agency was in their best interest. The magistrate also found that placement with the *Page 3 
grandmother was not appropriate. Goldsmith filed objections to the magistrate's decision, which were overruled by the trial court. Judgment was entered awarding permanent custody of the children to MCCS. From this judgment, Goldsmith appeals.
 II {¶ 6} Goldsmith's sole assignment of error states as follows:
 {¶ 7} "THE TRIAL COURT'S DECISION TO TERMINATE THE CHILDREN'S FAMILIAL RELATIONSHIP WITH THEIR MOTHER WAS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE."
 {¶ 8} Goldsmith contends that the record does not support the judgment of the trial court awarding permanent custody of the children to MCCS. In support, she argues that the trial court did not examine the factors mandated by R.C. 2151.414(E) in determining whether the children could be placed with her within a reasonable time. She further argues that the trial court's findings regarding the best interests of the children are not supported by clear and convincing evidence.
 {¶ 9} In a proceeding for the termination of parental rights, all of the court's findings must be supported by clear and convincing evidence. R.C. 2151.414. A judgment of a trial court terminating parental rights will not be overturned as against the manifest weight of the evidence if the record contains competent, credible evidence by which the trial court could have formed a firm belief or conviction that the essential statutory elements for a termination of parental rights have been established. In re A.U., Montgomery App. No. 22287, 2008-Ohio-187, ¶ 9.
 {¶ 10} As a preliminary matter, we note that the trial court was not required to *Page 4 
find, as it did, that the children could not be placed with either parent within a reasonable time or should not be placed with the parents, given that the children had been in MCCS's temporary custody for at least twelve months before the agency filed for permanent custody. In re C. W., 104 Ohio St.3d 163, 166-167, 2004-Ohio-6411, ¶ 21.
 {¶ 11} R.C. 2151.414(B)(1) provides the following various grounds for granting permanent custody to an agency:
 {¶ 12} "[T]he court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
 {¶ 13} "(a) The child is not abandoned or orphaned or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.
 {¶ 14} "(b) The child is abandoned.
 {¶ 15} "(c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.
 {¶ 16} "(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999."
 {¶ 17} The Ohio Supreme Court has held that under this statute, "an agency *Page 5 must, except in limited circumstances, file for permanent custody once a child has been in the agency's temporary custody for 12 or more months of a consecutive 22-month period." In re C.W., 2004-Ohio-6411 at TJ20. Furthermore, after the "addition of the `12 of 22' provision to R.C.2151.414, an agency need no longer prove that a child cannot be returned to the parents within a reasonable time or should not be returned to the parents, so long as the child has been in the temporary custody of an agency for at least 12 months." Id. at ¶ 21.
 {¶ 18} In the present case, in July, 2003, the Montgomery County Sheriffs Department accepted custody of the children and placed them in the emergency custody of MCCS, due to the fact that Goldsmith and the children were homeless. MCCS filed its complaint seeking to have the children adjudicated dependent in October of 2003. The children were adjudicated dependent, and MCCS was awarded temporary custody of the children on February 23, 2004. MCCS filed its complaint for permanent custody on April 29, 2005. All four of the children had been in temporary custody for well over twelve months at the time that MCCS filed its motion for permanent custody. Thus, it was only necessary for the court to determine whether permanent custody was in their best interests.
 {¶ 19} In any event, we find no error in the trial court's decision regarding whether the children could be returned to either parent within a reasonable time. The evidence clearly establishes that the children were abandoned by their respective fathers. Further, Goldsmith admitted at the date of the last hearing that she was unable to provide for her children, because she was not employed and did not have housing. The case plan implemented for Goldsmith also required that she attend mental health *Page 6 
counseling and substance abuse treatment. The record shows that she had not complied with those requirements.
 {¶ 20} We next turn to the best interest factor. R.C. 2151.414(D), which sets forth the factors a court must consider when determining whether granting permanent custody to a public children's services agency is in the best interest of the child, states:
 {¶ 21} "In determining the best interest of a child at a hearing held pursuant to division (A) of this section * * *, the court shall consider all relevant factors, including, but not limited to, the following:
 {¶ 22} "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 23} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 {¶ 24} "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period * * *;
 {¶ 25} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 {¶ 26} "(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."
 {¶ 27} Here, there is competent evidence supporting the trial court's finding that it *Page 7 
was in the best interest of the children to grant permanent custody to MCCS. While the evidence shows that the children are bonded to Goldsmith, it also showed that there was no imminent chance of reunification. The children had been in the custody of MCCS for slightly less than three years at the time of the final hearing, and the evidence clearly demonstrated that there was no prospect of returning the children to a parent within a reasonable amount of time. Furthermore, Goldsmith had failed to complete counseling for substance abuse and for her mental health issues.
 {¶ 28} The Guardian Ad Litem for the children concluded that permanent custody to MCCS would be in the best interest of the children. With regard to M.P., the record shows that the child was nine years old at the time of the final hearing. According to the Guardian Ad Litem, the child had improved while in foster care. She had made "significant" academic improvements, and was well-adjusted.
 {¶ 29} The record shows that, as noted by the GAL, A.G. had essentially lived most of her life in foster care. The GAL further noted that she did not have any of the problems with aggression that the other children exhibited, and that she was happy and doing well in foster care.
 {¶ 30} A.G. and M.G., however, both had substantial behavioral problems which, at the time of the hearing, resulted in the foster parents seeking to have them removed from the home. A.G. had also spent a majority of his life in foster care.
 {¶ 31} We also reviewed the record with regard to whether the children's best interests would be better served by placing them with the maternal grandmother who sought legal custody. This court has previously held that "courts do not have to first consider placing children with relatives before they may award permanent custody to a *Page 8 
children services agency." In re Williams (Sept. 15, 2000), Montgomery App. No. 18217, citation omitted. Instead, a child's relationship "with other relatives is but one factor for the court to consider when deciding whether permanent custody is in the child's best interest. It is not the only factor, nor is it a primary factor." In re Grooms, Clark App. No. 2003 CA 50, 2004-Ohio-6782, ¶ 23.
 {¶ 32} As noted by the court, the children had been in foster care for over two years without any contact with the grandmother. The grandmother testified that she had been involved in an abusive relationship during that time, and did not wish to seek visitation time with the children. She testified that she had been involved in the abusive relationship for that entire time and that she had not sought any type of counseling therefor. Also, she did not file her motion seeking custody of the children until approximately one month before the final hearing.
 {¶ 33} Further, the grandmother testified that she was currently unemployed and had been unemployed for about six months. At the time of the hearing she testified that she was receiving unemployment benefits, and that she could get another six-month extension of benefits. She also testified that she had looked for other employment, but indicated that she had not been seriously seeking other employment. She further testified that she would "need assistance" to provide sufficient food for the children. The grandmother admitted that she had not investigated any school or day care arrangements for the children.
 {¶ 34} Based on the record, the trial court found that the child's need for legally secure and permanent placement for the children was of paramount importance with regard to their best interest. The trial court determined that placement with MCCS, *Page 9 
rather than the grandmother, was in their best interest. We find no abuse of discretion in the trial court's having made this determination.
 {¶ 35} Based upon the record before us, we conclude that there is clear and convincing evidence supporting the trial court's decision to award permanent custody to MCCS. Accordingly, the sole assignment of error is overruled.
 III {¶ 36} Goldsmith's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
 GRADY and DONOVAN, JJ., concur. *Page 1