[Cite as *In re B.A.*, 2013-Ohio-596.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HIGHLAND COUNTY

|  |  |  |
|---|---|---|
| IN THE MATTER OF | : | Case No: 12CA18 |
| | : | |
| B.A. | : | **RELEASED 02/01/13** |
| | : | |
| DEPENDENT CHILD. | : | DECISION AND |
| | : | JUDGMENT ENTRY |
| | : | |

APPEARANCES:

Lynn W. Turner, Hillsboro, Ohio, for Appellant Mother.

Anneka P. Collins, Highland County Prosecutor, and Molly Bolek, Highland County Assistant Prosecutor, Hillsboro, Ohio, for Appellee Highland County Children Services.

Lee Koogler, Hillsboro, Ohio, Guardian Ad Litem.

Kline, J.:

{¶1}    Mother appeals the judgment of the Highland County Court of Common Pleas, Juvenile Division.  After finding that B.A. (hereinafter the "Child") had been abandoned, the juvenile court awarded permanent custody of the Child to Highland County Children Services (hereinafter "Children Services").  On appeal, Mother contends that Children Services filed for permanent custody too early.  Mother claims that Children Services had to wait until the Child had been in its temporary custody for at least 12 months.  We disagree.  Children Services sought permanent custody on grounds other than R.C. 2151.414(B)(1)(d).  Therefore, the motion for permanent custody was clearly authorized, and the juvenile court had the authority to grant

permanent custody of the Child to Children Services.  Accordingly, we overrule Mother's

assignment of error and affirm the judgment of the juvenile court.

I.

{¶2}    The Child was born on March 17, 2011.  The next day, Children Services

moved for temporary custody of the Child.

{¶3}    On April 14, 2011, the juvenile court found the Child "to be a Dependent

Child."  Entry of Adjudication and Disposition at 1.  As a result, the juvenile court

ordered "that temporary custody of the [Child] shall be vested in [Children Services] for

a period of six (6) months, to automatically terminate on September 17, 2011[,] unless a

timely motion is filed in the Court."  *Id.* at 2.

{¶4}    On August 31, 2011, Children Services filed a motion to extend temporary

custody of the Child.  The juvenile court granted the motion and ordered that "temporary

custody of the [Child] shall remain vested with [Children Services] for a period of six (6)

months, to automatically terminate on March 15, 2012 * * *."  Entry Extending

Temporary Custody.

{¶5}    On February 14, 2012, Children Services filed a motion for permanent

custody "pursuant to Ohio Juvenile Rule 34, O.R.C. §2151.414, and O.R.C. §2515.413."

Motion to Modify Disposition to Permanent Custody at 1.  According to the motion,

"Permanent Custody is an appropriate disposition in this matter as the child has been

abandoned by both of his parents pursuant to O.R.C. §2151.414(B)(1)(b) [sic] and

cannot be placed with either parent within a reasonable amount of time pursuant to

O.R.C. §2151.414(E)."  *Id.*

{¶6}   On August 23, 2012, the juvenile court found that both parents had abandoned the Child.  As a result, the juvenile court placed the Child in the permanent custody of Children Services.

{¶7}   Mother appeals and asserts the following assignment of error: I. "THE TRIAL COURT ERRED IN GRANTING PERMANENT CUSTODY TO THE AGENCY BECAUSE OF FINDINGS INCONSISTENT WITH STATUTE [sic]."

II.

{¶8}   In her sole assignment of error, Mother contends that the juvenile court erred in awarding permanent custody of the Child to Children Services.

{¶9}   A parent's "interest in the care, custody, and control of [his or her] children 'is perhaps the oldest of the fundamental liberty interests * * *.'"  *In re D.A.*, 113 Ohio St.3d 88, 2007-Ohio-1105, 862 N.E.2d 829, ¶ 8, quoting *Troxel v. Granville*, 530 U.S. 57, 65, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000).

> "[P]ermanent termination of parental rights has been
> described as 'the family law equivalent of the death penalty
> in a criminal case.'  *In re Smith* (1991), 77 Ohio App.3d 1,
> 16, 601 N.E.2d 45, 54.  Therefore, parents 'must be afforded
> every procedural and substantive protection the law allows.'
> Id."  *In re Hayes* (1997), 79 Ohio St.3d 46, 48, 679 N.E.2d
> 680.

*In re D.A.*, 2007-Ohio-1105, at ¶ 10.

{¶10}  "A public or private child-placement agency may file a motion under R.C. 2151.413(A) to request permanent custody of a child after a court has committed the

child to the temporary custody of the agency pursuant to R.C. 2151.353(A)(2)." *In re C.F.*, 113 Ohio St.3d 73, 2007-Ohio-1104, 862 N.E.2d 816, ¶ 22. Once a R.C. 2151.413(A) motion is filed, the court must follow R.C. 2151.414. *Id.* A juvenile court may grant the agency's motion for permanent custody if it determines by clear and convincing evidence that: (1) one of the four conditions outlined in R.C. 2151.414(B)(1)(a)-(d) applies; and (2) it is in the child's best interest. R.C. 2151.414(B)(1); *In re McCain*, 4th Dist. No. 06CA654, 2007-Ohio-1429, ¶ 13.

{¶11} Ordinarily, we review permanent-custody cases to determine whether competent, credible evidence supports the juvenile court's factual findings. *See, e.g.*, *In re M.S., D.S., and A.S.*, 4th Dist. Nos. 11CA823 & 11CA824, 2012-Ohio-3207, ¶ 17. Mother does not, however, dispute either the juvenile court's finding (1) of abandonment or (2) that permanent custody is in the Child's best interest. Instead, Mother argues that the juvenile court misapplied the relevant statutes. Therefore, our review is de novo. *See State v. Sufronko*, 105 Ohio App.3d 504, 506, 664 N.E.2d 596 (4th Dist.1995) ("When interpreting statutes and their application, an appellate court conducts a *de novo* review, without deference to the trial court's determination."). Furthermore, Mother did not raise her argument at the trial-court level. Therefore, Mother has forfeited all but plain error. *See In re C.B.*, 3d Dist. Nos. 13-12-06 & 13-12-07, 2012-Ohio-2691, ¶ 33.

> In appeals of civil cases, the plain error doctrine is not
> favored and may be applied only in the extremely rare case
> involving exceptional circumstances where error, to which no
> objection was made at the trial court, seriously affects the
> basic fairness, integrity, or public reputation of the judicial

process, thereby challenging the legitimacy of the underlying judicial process itself. *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 679 N.E.2d 1099 (1997), syllabus.

*Accord In re D.N.*, 4th Dist. No. 11CA3203, 2011-Ohio-4627, ¶ 24.

**{¶12}** Essentially, Mother argues that, because the juvenile court found the Child to be abandoned under R.C. 2151.414(B)(1)(b), Children Services could not have filed for permanent custody under R.C. 2151.413(A). Instead, Mother claims that Children Services had to wait and file for permanent custody under R.C. 2151.413(D)(1) -- that is, wait until after the Child had been in the custody of Children Services "for twelve or more months of a consecutive twenty-two-month period." R.C. 2151.413(D)(1). And because Children Services did not wait and file under R.C. 2151.413(D)(1), Mother claims that the juvenile court did not have the authority to grant permanent custody of the Child to Children Services.

**{¶13}** We find no merit in Mother's argument. First, we disagree that the juvenile court misapplied the relevant statutes. Under R.C. 2151.413(A), "A public children services agency or private child placing agency that * * * is granted temporary custody of a child who is not abandoned or orphaned may file a motion in the court that made the disposition of the child requesting permanent custody of the child." And here, Children Services was not granted *temporary custody* of an abandoned child. Rather, Children Services was granted temporary custody on the basis of dependency. The Child was not found to be abandoned until the juvenile court granted *permanent custody* of the Child to Children Services. Therefore, for purposes of filing under R.C.

2151.413(A), Children Services had *temporary custody* of a child who was *dependent*, not *temporary custody* of a child who was abandoned.

**{¶14}** Furthermore, based on Supreme Court of Ohio precedent, the motion for permanent custody was clearly permissible. The Supreme Court of Ohio addressed the issue of permanent custody in *In re C.W.*, 104 Ohio St.3d 163, 2004-Ohio-6411, 818 N.E.2d 1176. The holding of *In re C.W.* is: "Before a public children-services agency or private child-placing agency can move for permanent custody of a child on *R.C. 2151.414(B)(1)(d) grounds*, the child must have been in the temporary custody of an agency for at least 12 months of a consecutive 22-month period." (Emphasis added.) *Id.* at syllabus. However, the court also noted that this "holding does not preclude an agency from moving for permanent custody before a child has been in the agency's temporary custody for at least 12 months. If a ground other than R.C. 2151.414(B)(1)(d) exists to support a grant of permanent custody, the agency may move for permanent custody on that other ground." *Id.* at ¶ 27. And here, Children Services moved for permanent custody on grounds other than R.C. 2151.414(B)(1)(d) -- namely, R.C. 2151.414(B)(1)(b) and 2151.414(E). Therefore, Children Services did not have to wait 12 months to file the motion for permanent custody.

**{¶15}** Furthermore, the Ninth Appellate District rejected a similar argument in *In re M.W., G.B., and C.B.*, 9th Dist. No. 11CA9975, 2011-Ohio-3886. In that case, the trial court found (among other things) that the children had been abandoned. *See id.* at ¶ 11. And on appeal, the mother argued "that [Lorain County Children Services] failed to comply with R.C. 2151.413(D)(1) by filing the permanent custody motion before the

children had been in its temporary custody for a period of 12 months." *Id.* at ¶ 12. The court of appeals disagreed for the following reasons:

Although it is well settled that a children services agency must have temporary custody of children for at least 12 months at the time its [sic] files a permanent custody motion under the "12 of 22" provision of R.C. 2151.414(B)(1)(d), see *In re C. W.*, 104 Ohio St.3d 163, 2004-Ohio-6411, [Lorain County Children Services] did not allege the "12 of 22" ground in its permanent custody motion. Instead, it based the first prong of the permanent custody test on abandonment by the parents and Mother's failure to substantially remedy the conditions that led to the continued removal of the children from her home. See R.C. 2151.414(B)(1)(b) and (E)(1).

Given that [Lorain County Children Services] did not base its permanent custody motion on the "12 of 22" ground, Mother's argument is without merit. *In re M.W., G.B., and C.B.*, 2011-Ohio-3886, at ¶ 13-14.

We agree with the Ninth Appellate District and apply the reasoning of *In re M.W., G.B., and C.B.* to the present case.

**{¶16}** Because Children Services sought permanent custody on the basis of R.C. 2151.414(B)(1)(b) and 2151.414(E), the motion for permanent custody was clearly authorized. Children Services did not have to wait until the Child had been in its

temporary custody for at least 12 months, and the juvenile court had the authority to grant permanent custody of the Child to Children Services.  Accordingly, we reject Mother's sole assignment of error and affirm the juvenile court's judgment.

**JUDGMENT AFFIRMED.**

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED.  Appellant shall pay the costs herein taxed.

The Court finds that there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Juvenile Division of the Highland County Common Pleas Court, Juvenile Division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

McFarland, P.J. & Abele, J.:  Concur in Judgment & Opinion.

For the Court


BY:_____
     Roger L. Kline, Judge



## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**