## In re McMILLIN et al.

[Cite as *In re McMillin,* 171 Ohio App.3d 686, 2007-Ohio-2046.]

Court of Appeals of Ohio,
Third District, Marion County.

Nos. 9–06–59 and 9–06–60.

Decided April 30, 2007.

Susan M. Bruder, for appellant.

James P. Luton, for appellee.

PRESTON, Judge.

{¶ 1} Appellant, April Dawn Fridley, appeals the judgment of the Marion County Court of Common Pleas, Family Division, which granted the Marion County Children Services Board ("MCCSB") permanent custody over her two children, Randy L. McMillin Jr., born May 21, 1991, and Brandy N. McMillin, born April 5, 1993. Because nothing in the judgment entry indicates that the trial court specifically addressed each of the required considerations in R.C. 2151.414(D) and because the trial court did not provide any affirmative indication in the record that it considered the specific factors in that section, we reverse the judgment and remand this cause to the trial court.

{¶ 2} On October 8, 2001, the trial court granted MCCSB temporary custody over Randy and Brandy. Several months later, Fridley, who had been found guilty of sexual battery and had been designated a sex offender, began serving a three-year prison term.

{¶ 3} On April 1, 2003, MCCSB filed a motion to modify its temporary custody to permanent custody. At that time, the children's father, Randy McMillin Sr., voluntarily and permanently relinquished his parental rights. The trial court subsequently held a permanent-custody hearing, which Fridley attended. Following the hearing, the trial court denied the motion and continued MCCSB's temporary custody over the children.

{¶ 4} Thereafter, MCCSB placed Randy in different residential treatment facilities designed to accommodate his emotional and behavioral problems. By contrast, MCCSB placed Brandy in temporary foster care. Brandy apparently visited regularly with relatives while in foster care. Randy did so on a more limited basis.

{¶ 5} On October 20, 2005, MCCSB filed another motion to modify its temporary custody to permanent custody. To support its request, MCCSB alleged the following: neither Randy nor Brandy should be placed with Fridley; it had maintained custody over the children for approximately three and one-half years; after Fridley exited prison, she consistently violated the terms of her release, was incarcerated, and faced future prison time; and Fridley was not able to protect her children or provide their basic needs. Again, the trial court held a permanent-custody hearing, which Fridley attended.

{¶ 6} On October 17, 2006, the trial court granted the motion to modify custody, thereby terminating Fridley's parental rights and granting MCCSB permanent custody over Randy and Brandy. Notably, the children have remained in their respective temporary placements at all times relevant herein.

{¶ 7} Fridley now appeals the trial court's decision to this court and sets forth four assignments of error for our review. For purposes of clarity, we consider the fourth assignment of error out of the order that Fridley presented it to us in her brief. We also combine the first, second, and third assignments of error.

## ASSIGNMENT OF ERROR NO. IV

The trial court erred in that it abused its discretion in terminating Appellant April Dawn Fridley's parental rights by not making its findings of facts and conclusions of law with regard to each child separately and in granting permanent custody of Randy McMillin to Marion County Children Services Board.

{¶ 8} In her fourth assignment of error, Fridley argues that MCCSB placed Randy and Brandy in different arrangements and therefore different circumstances. Because the trial court did not consider the children's interests separately, Fridley concludes, the trial court erred when it determined, by clear and convincing evidence, that it was in the children's best interest to grant MCCSB permanent custody.

{¶ 9} "[T]he right to raise a child is an 'essential' and 'basic' civil right." *In re Hayes* (1997), 79 Ohio St.3d 46, 48, 679 N.E.2d 680, citing *In re Murray* (1990), 52 Ohio St.3d 155, 157, 556 N.E.2d 1169, quoting *Stanley v. Illinois* (1972), 405 U.S. 645, 651, 92 S.Ct. 1208, 31 L.Ed.2d 551. "[P]arents have a fundamental liberty interest in the care, custody and management of their children." *In re Shaeffer Children* (1993), 85 Ohio App.3d 683, 689, 621 N.E.2d 426, citing *Santosky v. Kramer* (1982), 455 U.S. 745, 753, 102 S.Ct. 1388, 71 L.Ed.2d 599. Accordingly, "the termination of parental rights is an alternative of last resort." *In re Capasso*, 3d Dist. Nos. 5–04–36, 5–04–37, 5–04–38, and 5–04–39, 2005-Ohio-1601, 2005 WL 742847, ¶ 6, citing *In re Wise* (1994), 96 Ohio App.3d 619, 624, 645 N.E.2d 812.

{¶ 10} A public child-placement agency may file a motion to modify temporary custody to permanent custody. R.C. 2151.413(A); R.C. 2151.353(A)(2). But, before granting the agency's motion, R.C. 2151.414 requires that a trial court follow certain procedures, such as holding a permanent-custody hearing, and make specific determinations. *In re C.W.*, 104 Ohio St.3d 163, 2004-Ohio-6411, 818 N.E.2d 1176, ¶ 9.

{¶ 11} In particular, R.C. 2151.414(B)(1) sets forth the two-part test that a trial court must apply when ruling on an agency's motion for permanent custody. *In re Schaefer*, 111 Ohio St.3d 498, 2006-Ohio-5513, 857 N.E.2d 532, ¶ 31. The test provides that the trial court may grant the motion if the trial

court determines, by clear and convincing evidence,[1] (1) that permanent custody is in the child's best interest and (2) that one of the following conditions applies:

(a) The child is not abandoned or orphaned or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.

(b) The child is abandoned.

(c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.

(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999.

Id.

{¶ 12} In determining whether permanent custody is in a child's best interest, R.C. 2151.414(D) requires the trial court to "consider all relevant factors." Those factors include, but are not limited to, the following:

(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;

(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;

(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;

(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;

(5) Whether any of the factors in division (E)(7) to (11) of this section apply in relation to the parents and child.

---

1. Clear and convincing evidence is "that measure of degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." *Cross v. Ledford* (1954), 161 Ohio St. 469, 477, 53 O.O. 361, 120 N.E.2d 118.

R.C. 2151.414(D). This court has previously held that "in rendering its judgment, the trial court must either specifically address each of the required considerations set forth in R.C. 2151.414(D) in its judgment entry, or otherwise provide some affirmative indication in the record that the court has considered the specific factors listed in R.C. 2151.414(D)." *In re D.H.*, 3d Dist. No. 9–06–57, 2007-Ohio-1762, 2007 WL 1110758, ¶ 19.

{¶ 13} Turning to the facts of this case, the trial court's October 17, 2006 judgment entry provides as follows:

## FINDING OF FACT

1. Marion County Children Services' motion for permanent custody was denied by this Court in January, 2004.

2. All findings of fact have occurred since January, 2004.

3. Following her release from incarceration for Sexual Battery, Mother has repeatedly violated her rules of probation.

4. Jason Booker, mother's probation officer, testified that eleven days after her release, mother violated terms of probation by being out past curfew and associating with a known felon.

5. In September, 2005, mother was sentenced to twenty-nine days in jail for associating with a minor, another violation of parole terms. She was subsequently arrested again for the same violation.

6. Mother constantly is in a state of denial of her actions. Richard Sibilski, Sex Offender Specialist, testified that denial is always an issue.

7. Dr. Brody, Psychologist, stated in a risk assessment report (CSB Exhibit 4) as follows:

   "Ms. Fridley appears to have some difficulty accepting and observing social and professional boundaries which further increases the possibility that she could engage in such inappropriate behaviors in the future * * *

   Given the present manipulative behaviors she has demonstrated with her parole officer since her release it is not probable that she will do any better under supervision than she has to this point in time. This raises the risk of re-offense as well. Not having engaged in sex offender treatment increases her predictability of risk for re-offense. More than that, her level of honesty is in question. This makes the risk level even more uncertain."

8. Dr. Wilkerson testified that given her history of instability, she didn't believe mother could raise her children.

9. Mother has not taken advantage of this Court denying the first Motion for Permanent Custody.

10. Father signed a Permanent Voluntary Surrender in April, 2003 and has had no contact with the children since.

11. Mother failed to comply with case plan in that she never found appropriate housing.

12. Testimony of Randy's therapist was that permanent custody would allow him to stabilize and finish his treatment and move to a permanent placement.

13. Brandy is adoptable and would like to remain in her current placement on a permanent basis.

Evidence presented is clear and convincing that permanent custody should be granted to Marion County Children Services.

IT IS THEREFORE, ORDERED that the Motion of Marion County Children Services be granted and that the permanent custody of Brandy McMillin and Randy McMillin be placed with Marion County Children Services.

The Court determines that this order is in the best interest and welfare of the child and pursuant to ORC 2151.419: reasonable efforts were made to eliminate the need for continued placement and to finalize the permanency plan for the children.

{¶ 14} Upon review, nothing in the judgment entry indicates that the trial court specifically addressed each of the required considerations in R.C. 2151.414(D). See *D.H.*, 2007-Ohio-1762, 2007 WL 1110758, at ¶ 19. Nor did the trial court provide any affirmative indication in the record that it considered the specific factors in that section. Id. We must conclude, therefore, that the trial court did not adequately address the R.C. 2151.414(D) best-interest factors in its judgment entry.

{¶ 15} We acknowledge that the record supports the factual findings that the trial court recited in its judgment entry. Many of those findings are, arguably, relevant to a best-interest determination under R.C. 2151.414(B)(1) and (D). Nevertheless, "[i]t is not sufficient for the trial court to simply rely on the appellate court to review the factual record or narrative and then make the necessary inferences to determine whether the trial court must have considered each of the required statutory factors." *D.H.*, 2007-Ohio-1762, 2007 WL 1110758, at ¶ 18.

{¶ 16} For the aforementioned reasons, we sustain Fridley's fourth assignment of error.

## ASSIGNMENT OF ERROR NO. I

The trial court erred in that the trial court's judgment in awarding permanent custody of Brandy (Nicki) McMillin to Marion County Children Services Board was against the manifest weight of the evidence.

## ASSIGNMENT OF ERROR NO. II

The trial court erred in that the trial court's judgment in awarding permanent custody of Randy McMillin to Marion County Children Services Board was against the manifest weight of the evidence.

## ASSIGNMENT OF ERROR NO. III

The trial court erred in that it abused its discretion on terminating Appellant April Dawn Fridley's parental rights and in granting permanent custody of Brandy (Nicki) McMillin and Randy McMillin to Marion County Children Services Board when legally secure placements were already in place.

{¶ 17} In her first, second, and third assignments of error, Fridley also argues that the trial court erred when it determined, by clear and convincing evidence, that it was in Randy's and Brandy's best interests to grant MCCSB permanent custody. In particular, Fridley claims that the weight of the evidence does not support the trial court's determinations under R.C. 2151.414(B)(1) and (D), specifically subsection (D)(4).

{¶ 18} Because each of Fridley's arguments challenges the weight of the evidence underlying the trial court's decision to grant MCCSB permanent custody, we cannot properly analyze those arguments at this time. This is because the trial court did not adequately address the R.C. 2151.414(D) best-interest factors in its judgment entry. Accordingly, we overrule Fridley's first, second, and third assignments of error.

{¶ 19} For the foregoing reasons, we reverse the trial court's judgment and remand this cause to the trial court to address the specific factors set forth in R.C. 2151.414(D), which the trial court did not adequately address in its judgment entry.

Judgment reversed
and cause remanded.

SHAW and WILLAMOWSKI, JJ., concur.