DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Scioto County Common Pleas Court, Juvenile Division, judgment that awarded Scioto County Children Services Board (SCCS) permanent custody of M.J.C., IV, born July 22, 2000.
 {¶ 2} Appellant Susan Cooke, the child's natural mother, raises the following assignment of error for review:
 "THE TRIAL COURT ERRED IN GRANTING PERMANENT CUSTODY OF M.J.C., IV TO SCIOTO COUNTY CHILDREN SERVICES BOARD."
 {¶ 3} On June 12, 2007, the six-year old child was observed bicycling around New Boston without adult supervision. Eventually, he collided with an automobile. The *Page 2 
child apparently was not hurt and got back on his bicycle and returned home. New Boston police officers had received calls about the child riding his bicycle around town unsupervised and went to appellant's home. Upon the officer's arrival, appellant was intoxicated and belligerent and did not have a sufficient explanation for her child's lack of supervision. Subsequently, appellant was charged with child endangering and disorderly conduct.
 {¶ 4} On June 13, 2007, appellee filed a complaint alleging the child to be a "neglected/dependent/abused child." On October 19, 2007, the trial court adjudicated the child a neglected and dependent child.
 {¶ 5} On May 19, 2008, appellee filed a motion for permanent custody. Appellee asserted that: (1) appellant is currently incarcerated and will not be released for three years; (2) the father has abandoned the child; and (3) no relative or other suitable placement has been found. On December 15, 2008, the guardian ad litem filed her report and stated that the child is happy in his current placement and does not wish to live with appellant.
 {¶ 6} On December 23, 2008, the trial court awarded appellee permanent custody of the child. The court determined that the father has abandoned the child. The court further found that the mother, following the child's removal from her home, was convicted of possession of and trafficking in drugs. The sentencing court sentenced appellant to serve four years imprisonment, with a scheduled release date of August 11, 2011. The trial court further observed that appellant had filed an application for judicial release, which had been denied. *Page 3 
 {¶ 7} The trial court found that the child has been in appellee's temporary custody since November 27, 2007 and in its custody since June 13, 2007, more than twelve out of the last twenty-two months. The court determined that due to appellant's incarceration and the father's abandonment, the child cannot and should not be placed with either parent within a reasonable time. The court stated that due to appellant's four-year prison term, she will be unavailable to care for the child for at least eighteen months following the dispositional hearing. The court further found that awarding permanent custody to appellee would serve the child's best interests. The court noted that the child wishes to remain in the foster home and does not wish to be placed with either parent. The court thus awarded appellee permanent custody of the child. This appeal followed.
 {¶ 8} In her sole assignment of error, appellant asserts that the trial court erred by granting appellee permanent custody. She contends that competent and credible evidence does not support the trial court's decision. In particular, she disputes the court's R.C. 2151.414(E) finding that the child cannot or should not be placed with her within a reasonable time. She argues that the evidence is not clear that she will be unavailable to care for the child for eighteen months. She submits that she might receive an earlier release date than her scheduled release date in 2011. She further asserts that the trial court incorrectly determined, under R.C. 2151.414(B)(1)(d), that the child had been in appellee's temporary custody for twelve out of twenty-two months.
 {¶ 9} Appellee agrees with appellant that the R.C. 2151.414(B)(1)(d) twelve out of twenty-two month provision does not apply. Appellee further observes, however, that the trial court also found that R.C. 2151.414(B)(1)(a) applied, in that the child cannot or *Page 4 
should not be placed with either parent within a reasonable time. Appellee disputes appellant's assertion that the trial court improperly determined that she would be unavailable to care for the child within eighteen months, due to her incarceration. Appellee observes that appellant received a four-year prison sentence, with a scheduled release date in August of 2011. Appellee states that appellant's argument that she might receive an earlier release is nothing "more than a theoretical possibility."
 A STANDARD OF REVIEW {¶ 10} Generally, an appellate court will not reverse a trial court's permanent custody decision if some competent and credible evidence supports the judgment. In re Perry, Vinton App. Nos. 06CA648 and 06CA649, 2006-Ohio-6128, at ¶ 40, citing State v. Schiebel (1990),55 Ohio St.3d 71, 74, 564 N.E.2d 54. Thus, our review of a trial court's permanent custody decision is deferential. See In re Hilyard, Vinton App. Nos. 05CA600, 05CA601, 05CA602, 05CA603, 05CA604, 05CA606, 05CA607, 05CA608, 05CA609, at ¶ 17. Moreover, "an appellate court should not substitute its judgment for that of the trial court when there exists competent and credible evidence supporting the findings of fact and conclusion of law." Schiebel, 55 Ohio St.3d at 74, 564 N.E.2d 54. Issues relating to the credibility of witnesses and the weight to be given the evidence are primarily for the trier of fact. As the court explained inSeasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80,461 N.E.2d 1273: "The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of *Page 5 
the proffered testimony." Moreover, deferring to the trial court on matters of credibility is "crucial in a child custody case, where there may be much evident in the parties' demeanor and attitude that does not translate to the record well." Davis v. Flickinger (1997),77 Ohio St.3d 415, 419, 674 N.E.2d 1159; see, also, In re Christian, Athens App. No. 04CA10, 2004-Ohio-3146.
 B STANDARD FOR GRANTING PERMANENT CUSTODY {¶ 11} A trial court may not grant a permanent custody motion absent clear and convincing evidence to support the judgment. The Ohio Supreme Court has defined "clear and convincing evidence" as:
 "The measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal."
In re Estate of Haynes (1986), 25 Ohio St.3d 101, 103-04, 495 N.E.2d 23; see, also, Schiebel, 55 Ohio St.3d at 74, 564 N.E.2d 54. In reviewing whether a trial court based its decision upon clear and convincing evidence, "a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." Schiebel, 55 Ohio St.3d at 74,564 N.E.2d 54.
 C PERMANENT CUSTODY PRINCIPLES {¶ 12} A parent has a "fundamental liberty interest" in the care, custody, and management of his or her child and an "essential" and "basic civil right" to raise his or her children. Santosky v.Kramer (1982), 455 U.S. 745, 753, 102 S.Ct. 1388, 71 *Page 6 
L.Ed.2d 599; In re Murray (1990), 52 Ohio St.3d 155, 156,556 N.E.2d 1169; see also, In re D.A., 113 Ohio St.3d 88, 2007-Ohio-1105,862 N.E.2d 829. A parent's rights, however, are not absolute. See D.A., at ¶ 11. Rather, "`it is plain that the natural rights of a parent * * * are always subject to the ultimate welfare of the child, which is the pole star or controlling principle to be observed.'" In reCunningham (1979), 59 Ohio St.2d 100, 106, 391 N.E.2d 1034 (quotingIn re R.J.C. (Fla.App. 1974), 300 So.2d 54, 58). Thus, the state may terminate parental rights when a child's best interest demands such termination. D.A., at ¶ 11.
 {¶ 13} Before a court may award a children services agency permanent custody of a child, R.C. 2151.414(A)(1) requires the court to hold a hearing. The primary purpose of the hearing is to allow the court to determine whether the child's best interests would be served by permanently terminating the parental relationship and by awarding permanent custody to the agency. See R.C. 2151.414(A)(1). Additionally, when considering whether to grant a children services agency permanent custody, a trial court should consider the underlying principles of R.C. Chapter 2151:
 (A) To provide for the care, protection, and mental and physical development of children * * *;
 * * *
 (B) To achieve the foregoing purpose[ ], whenever possible, in a family environment, separating the child from its parents only when necessary for his welfare or in the interests of public safety.
 D PERMANENT CUSTODY FRAMEWORK {¶ 14} R.C. 2151.414(B)(1) permits a trial court to grant permanent custody of a child to a children services agency if the court determines, by clear and convincing *Page 7 
evidence, that the child's best interest would be served by the award of permanent custody and that:
 (a) The child is not abandoned or orphaned or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.
 (b) The child is abandoned.
 (c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.
 (d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999.
 {¶ 15} Thus, before a trial court may award a children services agency permanent custody, it must find: (1) that one of the circumstances described in R.C. 2151.414(B)(1) applies; and (2) that awarding the children services agency permanent custody would further the child's best interests.
 {¶ 16} Pursuant to the plain language of R.C. 2151.414(B)(1)(d), when a child has been in a children services agency's temporary custody for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, a trial court need not find that the child cannot or should not be placed with either parent within a reasonable time. See, e.g., In re Billingsley, Putnam App. Nos. 12-02-07 and 12-02-08, 2003-Ohio-344; In re Williams, Franklin App. No. 02AP-924, 2002-Ohio-7205; In re Dyal (Aug. 9, 2001), Hocking App. No. 01CA11. Consequently, when considering a R.C. 2151.414(B)(1)(d) permanent custody motion, the only other consideration becomes the child's best interests. A trial court need not conduct an R.C. 2151.414(B)(1)(a) analysis of whether the child cannot or should not be placed with *Page 8 
either parent within a reasonable time. Dyal; see, also, In reBerkley, Pickaway App. Nos. 04CA12, 04CA13, and 04CA14, 2004-Ohio-4797, at ¶ 61.
 {¶ 17} In interpreting R.C. 2151.414(B)(1), the Ohio Supreme Court held that the child must have been in the custody of the agency for at least twelve of the previous twenty-two months before the agency files a permanent custody motion in order for the trial court to grant permanent custody based on R.C. 2151.414(B)(1)(d) grounds. In re C.W.,104 Ohio St.3d 163, 2004-Ohio-6411, 818 N.E.2d 1176, at ¶ 26. "In other words, the time that passes between the filing of a motion for permanent custody and the permanent-custody hearing does not count toward the 12-month period set forth in R.C. 2151.414(B)(1)(d)." Id.
 {¶ 18} In the case sub judice, because appellee agrees that R.C. 2151.414(B)(1)(d) does not apply, we need not dwell on appellant's argument that the trial court improperly relied on this provision when granting appellee permanent custody. Instead, we will focus on appellant's assertion that the trial court incorrectly determined, under R.C. 2151.414(B)(1)(a), that the child cannot or should not be placed with her within a reasonable time.
 E REASONABLE TIME {¶ 19} R.C. 2151.414(E) requires the trial court to consider "all relevant evidence" and sets forth the factors a trial court must consider in determining whether a child cannot or should not be placed with either parent within a reasonable time. See R.C. 2151.414(B)(1)(a). If a court finds, by clear and convincing evidence, the existence of any one of the following factors, "the court shall enter a finding that the *Page 9 
child cannot be placed with either parent within a reasonable time or should not be placed with either parent":
 * * * *
 (12) The parent is incarcerated at the time of the filing of the motion for permanent custody or the dispositional hearing of the child and will not be available to care for the child for at least eighteen months after the filing of the motion for permanent custody or the dispositional hearing.
 * * * *
 {¶ 20} A trial court may base its decision that a child cannot or should not be placed with either parent within a reasonable time upon the existence of any one of the above factors. We emphasize that the existence of a single factor will support a finding that a child cannot be placed with either parent within a reasonable time. See In re WilliamS. (1996), 75 Ohio St.3d 95, 661 N.E.2d 738;In re Hurlow (Sept. 21, 1998), Gallia App. No. 98 CA 6; In re Butcher (Apr. 10, 1991), Athens App. No. 1470.
 {¶ 21} In the case sub judice, competent and credible evidence supports the trial court's finding that the child cannot or should not be placed with appellant within a reasonable time. Appellant is currently incarcerated and her scheduled release date is August 2011. Thus, she will not be available to care for the child within eighteen months. Her speculation that she may receive an earlier release does not negate this finding. In fact, appellant has already been denied judicial release. Nothing in the record indicates that she will be released any earlier than August of 2011. Unfortunately she will not, therefore, be able to care for her child within the eighteen-month timeframe of R.C. 2151.414(E)(12).
 {¶ 22} Consequently, we believe that competent and credible evidence supports the trial court's finding that the child cannot or should not be placed with appellant *Page 10 
within a reasonable time.
 {¶ 23} Accordingly, based upon the foregoing reasons, we hereby overrule appellant's sole assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court, Juvenile Division, to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Harsha, J. McFarland, J.: Concur in Judgment Opinion For the Court
 *Page 1